Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | Arlander Keys |
|---|---|---|---|
| **CASE NUMBER** | 97 C 4555 | **DATE** | 9/27/2001 |
| **CASE TITLE** | Mardell Holloway vs. J. C. Penny Life Ins | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Plaintiff's Motion for Appropriate Relief is Denied (#109).

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| ✓ | Copy to judge/magistrate judge. |

AC — courtroom deputy's initials

date docketed: SEP 28 2001

FILED FOR DOCKETING
01 SEP 27 PM 7: 10

Date/time received in central Clerk's Office — mailing deputy initials

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARDELL HOLLOWAY, as heir of William Holloway, and CAROLYN GILBERT and CHARLES JONES III, as heirs of Charles Jones II, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>V.<br><br>J.C. PENNEY LIFE INSURANCE COMPANY,<br><br>Defendant. | No. 97 C 4555<br><br>Judge Marvin E. Aspen<br><br>Magistrate Judge Arlander Keys |

## MEMORANDUM OPINION AND ORDER

Plaintiffs have filed with the Court a "Motion for Appropriate Relief," requesting that the Court permit certain class-action plaintiffs to change their remedy election under the parties' settlement agreement. For the reasons set forth below, the Court denies Plaintiffs' motion.

### BACKGROUND

Plaintiffs filed a class action lawsuit against Defendant, the J.C. Penney Life Insurance Company, challenging a provision in Defendant's life insurance policy that excluded benefits if the decedent insured had alcohol in his or her system at the time of death (the "intoxication exclusion"). After lengthy negotiations, the parties submitted a proposed settlement agreement to the court. Following a fairness hearing, Judge

Aspen dismissed Plaintiffs' lawsuit pursuant to the terms of the parties' settlement agreement on May 15, 2001.

The settlement agreement permits class members to elect one of two remedies, on or before September 12, 2001. Remedy one affords class members an immediate fixed settlement payment, which is substantially lower than the full benefit afforded by the life insurance policy.[1] Remedy two affords class members a claim review hearing, which will result in either no payment or the payment of the full benefit afforded by the life insurance policy, depending upon whether the loss is found to have been incurred as a consequence of the insured's intoxication.

After electing remedy one and receiving their fixed settlement payments, at least five class members spoke with class counsel about altering their remedy elections. These class members, who previously elected to receive the fixed settlement payments, now wished to take their chances at a claim review hearing. The class members agreed to return to Defendant the fixed settlement payments they had received in exchange for proceeding under remedy two.

Defendants refused to permit the class members to change their remedy elections, contending that the settlement agreement

---

[1] The fixed settlement payment depends upon 1) the insured's blood alcohol level at the time of death; 2) the total benefit permitted under the life insurance policy; and 3) whether the insured was driving a motor vehicle.

2

did not contemplate multiple elections. Plaintiffs acknowledged that the settlement agreement was silent on the matter, but argued that the agreement nevertheless permitted class members to change their elections, as long as they did so before the September 12, 2001 deadline.

Plaintiff filed a "Motion For Appropriate Relief" on August 23, 2001. On August 28, 2001, Judge Aspen referred the motion to this Court.

**DISCUSSION**

Assuming that it has jurisdiction to enforce a settlement agreement,[2] a federal court will look to the applicable state law in construing the terms of the agreement. *Capri Sun, Inc. v. Beverage Pouch Systems, Inc.*, No. C. 1961, 2000 WL 1036016, at * 2 (N.D. Ill. July 21, 2000)(citing *Allstate Financial Corp. v. Utility Trailer of Illinois, Inc.*, 936 F. Supp. 525, 527 (N.D. Ill. 1996)). In Illinois, courts apply ordinary contract construction rules when interpreting settlement agreements. *LaSerage Tech. Corp. v. LaSerage Labs, Inc.*, 972 F.2d 799, 802

---

[2] Ancillary jurisdiction over a settlement agreement is proper where the district court has made the parties' obligation to comply with the terms of the settlement agreement part of the order of dismissal. *Kokkonen Guardian Life Ins. Co.*, 511 U.S. 375, 381 (1994). In ¶¶ 1 and 14 of the Final Order of Approval and Judgment, Judge Aspen specifically adopted and incorporated the settlement agreement into the dismissal order, and reserved the court's jurisdiction as to all matters relating to the administration, enforcement, and interpretation of the settlement agreement.

3

(7th Cir. 1992) (settlement agreements are contracts, and general rules of contract construction apply).

The Court will examine the language of the agreement to give effect to the intent of the parties. *LaSalle Nat'l Trust, N.A. v. ECM Motor Co.*, 76 F.3d 140, 144 (7th Cir. 1996). Absent explicit language to the contrary, the terms and phrases contained in the agreement will be given their plain and ordinary meaning. *Id.* Illinois law provides that:

> Where a written agreement is clear and explicit, a court must enforce the agreement as written . . . . Both the meaning of the instrument, and the intention of the parties, must be gathered from the face of the document without the assistance of parol evidence or any other extrinsic aids.

*Rakowski v. Lucente*, 104 Ill.2d 317, 323, 472 N.E.2d 791, 794 (1984).

In the instant case, the settlement agreement provides that "[e]ach Denied Beneficiary shall have the option of requesting a Fixed Settlement Payment (as described in subparagraph (a) below) or requesting a Claim Review Hearing (as described in subparagraph (b) below)." The settlement agreement is otherwise silent as to the class members' ability to elect remedies; there is no reference to the permissibility of class members changing their remedy election prior to the September 12th deadline.

The Court finds that, under the plain language of the settlement agreement, the beneficiaries have the option to elect either the fixed settlement payment or the claim review hearing,

4

and to make that election only one time prior to September 12, 2001. The Court rejects Plaintiffs' insistence that, absent express language to the contrary, the agreement permits Plaintiffs to alter their remedy election at any time prior to the September 12th deadline.

Plaintiffs are asking the Court to read an additional term into the settlement agreement. The Court declines to do so. Courts are permitted to supply an additional term only if it is reasonable under the agreed upon terms of the contract or if it otherwise comports with standards of fairness. *Stenograph Corp. v. Fulkerson*, No. 90 C 7335, 1991 WL 99011, at *5 (June 13, 1991). "'When the parties to a bargain . . . have not agreed with respect to a term which is essential to a determination of their rights and duties, a term which is reasonable in the circumstances is supplied by the court.'" *Id.* quoting Restatement(Second) of Contracts, § 204, at 96-97 (1981).

In the instant case, the settlement agreement clearly defines the parties' rights and duties; an essential term is not missing from the agreement. The express terms of the settlement agreement give no indication that the parties contemplated permitting class members to elect and then re-elect a remedy prior to the September 12th deadline. To the contrary,

5

Plaintiffs admit that the parties never discussed the issue of multiple elections during settlement negotiations.[3]

Moreover, reading such a right into the agreement would be unreasonable. Taking Plaintiffs' request to its logical conclusion, permitting multiple elections could result in dozens of class members electing and then re-electing a remedy countless times prior to the September 12th deadline. Given the resulting administrative chaos, it is unfathomable that Plaintiffs were confident that Defendant would allow class members multiple elections prior to September 12, 2001, but thought it unnecessary to include language authorizing this option in the settlement agreement.[4] Parties enter into settlement agreements to achieve certainty and finality; granting Plaintiffs' request would interject only uncertainty and confusion into the administration of the settlement agreement. Therefore, absent express language authorizing Plaintiffs' multiple election request, the Court cannot read such language into the settlement agreement.

---

[3] Plaintiffs concede that there is no caselaw directly on point authorizing their re-election request, further supporting the conclusion that parties do not presume to have such a right.

[4] Predictably, while both parties agree that the issue of re-elections and multiple elections never arose during settlement negotiations, they disagree as to what their positions would have been had the issue been raised. Plaintiffs assert that, if the question had arisen as to whether a class member could change an election once made if done prior to the September 12th deadline, they would have insisted that Plaintiffs have that right. Defendant is equally adamant that it would never have agreed to such a provision.

In addition, the Court rejects Plaintiffs' contention that, absent tangible evidence of reliance or financial prejudice to Defendant, Plaintiffs' obvious hardship necessitates permitting these class members to alter their initial remedy election. Defendant, of course, contends that it would be prejudiced if Plaintiffs were permitted to change their election. More importantly, Plaintiffs' hardship is hardly obvious; class counsel presumably believed the fixed settlement payment to be an adequate option when negotiating the terms of the settlement agreement. There are countless reasons why class members might opt to receive the fixed settlement payment, and the Court's role is not to evaluate the class members' elections or to extricate them from their decisions, however unwise.

Finally, as a general rule, parties seeking relief from a judgement or a settlement agreement more than ten days after the entry of that order should file a Rule 60(b) motion. *See* Fed. R. Civ. P. 60(b) (West 2001). Rule 60(b) permits relief from judgment where parties demonstrate: 1) mistake; 2) certain newly discovered evidence; 3) fraud; 4) the judgment is void; 5) the judgment has been satisfied; or 6) other reasons justifying relief. *Id.* However, Plaintiffs' filings do not indicate that the present circumstances justify relief under Rule 60(b).

## CONCLUSION

If Plaintiffs had wished to create for the class members the right to elect and then re-elect remedies, they should have bargained for that right and included authorizing language in the settlement agreement. Having failed to do so, Plaintiffs are now required to stand by their bargained for rights and to elect a remedy only once.

**IT IS THEREFORE ORDERED** that:

Plaintiffs' Motion for Appropriate Relief, be, and the same hereby is, **DENIED**.

DATED: September 27, 2001     Enter:

*/s/ Arlander Keys*
ARLANDER KEYS
United States Magistrate Judge

8